### James Mulrey *vs.* Shawmut Mutual Fire Insurance Company.

A policy of insurance executed and delivered by a mutual insurance company is invalid until the cash premium has been actually paid at the office of the company, if it contains an express stipulation to that effect.

Such stipulation is not complied with or waived by a payment of the premium to an insurance agent through whom the application was made and the policy delivered, if the policy contains an express stipulation that every insurance agent, broker or other person forwarding applications or receiving premiums is the agent of the applicant, and not of the company; although the company were in the habit of settling a monthly account with him, and he, after the loss, tendered the premium to them.

*It seems,* that the officers of a mutual insurance company have no power to waive a stipulation in a policy which has been executed and delivered, that no insurance shall take effect until the cash premium has been actually paid at the office of the company.

Contract upon a policy of insurance, issued by a mutual fire insurance company, and containing the following provision : " No insurance shall take effect until the application has been approved by the president or two of the directors, and till the terms of insurance fixed by the directors have been accepted by the applicant, and the cash premium been actually paid at the office of the company. And every insurance agent, broker or

other person, forwarding applications or receiving premiums, is the agent of the applicant and not of the company."

At the trial in the superior court, before *Morton,* J., it appeared that the application was made through one Brown, an insurance agent, through whom several policies had been effected between the defendants and persons seeking insurance, and who received the policy in this case, delivered it to the plaintiff, and received from him the premium; but he did not offer to pay the premium over to the company until after the loss occurred, which was within eight days after the date of the policy. Brown testified that he was in the habit of settling a monthly account with the insurance offices with which he did such business, and that the defendants, on presenting to him his account, after the loss, did not include the premium received by him from the plaintiff, and he immediately called attention to the fact and tendered the amount to the defendants at their office, but they refused to receive it.

Upon these facts, and others which are not now material, the judge directed a verdict to be returned for the defendants, which was done, and the case was reported for the determination of this court.

*J. M. Keith,* for the plaintiff, cited *Masters* v. *Madison County Ins. Co* 11 Barb. 624; *New York Ins. Co.* v. *National Ins. Co.* 20 Barb. 468; *Goit* v. *National Ins. Co.* 25 Barb. 189; *Whitaker* v. *Farmers' Ins. Co.* 29 Barb. 31.

*W. L. Burt,* for the defendants.

DEWEY, J. This policy failed to become effectual, for the reason that the cash premium had never been actually paid at the office of the company. The payment to Brown was no compliance with this condition of the policy. On the face of the policy, and as a condition thereof, was a provision that no insurance shall take effect until the cash premium has been actually paid at the office of the company, and that every insurance agent, or other person forwarding applications or receiving premiums, is the agent of the applicant, and not of the company. This was a mutual insurance company, and the plaintiff, as a member, would have his interest protected by such a rule equally

with all other members. The company deemed it a proper precaution against the frauds of agents forwarding applications and receiving premiums, to make the applicant for insurance responsible for the actual payment of the cash premium at the office of the company. This being a condition precedent to the taking effect of the policy, this objection to the right of the plaintiff to maintain the present action is a fatal one.

There was no waiver of this provision in the policy. The case of *Hale* v. *Mechanics' Ins. Co.* 6 Gray, 169, strongly indicates the views of this court, against the authority of the officers of a mutual insurance company to waive the by-laws and provisions adopted by the members of such company for their mutual protection. See also *Brewer* v. *Chelsea Ins. Co.* 14 Gray, 203; *Baxter* v. *Chelsea Ins. Co.* 1 Allen, 294; *Priest* v. *Citizens' Ins. Co.* 3 Allen, 602. The cases in New York, cited by the plaintiff, have a contrary bearing.

The case of the plaintiff failing upon the grounds already stated, it is unnecessary to consider the further objections urged on the part of the defendants.

*Judgment upon the verdict for the defendants*